**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ICOR TECHNOLOGIES, INC.,

    Plaintiff,

v.                                                  CASE NO: 8:06-cv-2309-T-26TBM

OAO TECHNOLOGY SOLUTIONS
FEDERAL SYSTEMS, INC.,

    Defendant.
_____/

## **O R D E R**

Plaintiff, invoking this Court's diversity jurisdiction, has filed a five-count amended complaint against Defendant alleging claims for breach of contract, quantum meruit, unjust enrichment, promissory estoppel, and conversion.[1] Defendant has responded with a motion to dismiss all of the claims, except the breach of contract claim which it has answered, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that these counts fail to state a claim for which relief may be granted. The primary argumentative thrust of Defendant's motion is that those claims are inconsistent with a claim for breach of contract founded on a written

---

[1] Because this Court's jurisdiction is rooted in diversity, "the Federal Rules of Civil Procedure, and the decisions of the federal courts interpreting those rules, control as to procedural matters." Cole v. Elliott Equip. Corp., 653 F.2d 1031, 1033 (5th Cir. Unit A Aug. 21,1981) (citing Erie v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). This decision is binding precedent in the Eleventh Circuit. See Nguyen v. United States, ___ F.3d ___, 2008 WL 4631719 *8 n.4 (11th Cir. Oct. 21, 2008) (noting that Unit A panel decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit).

contractual agreement. Defendant also moves to strike, under the auspices of Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff's claim for punitive damages in conjunction with the cause of action founded on conversion. After careful review of the complaint and the motions, the Court concludes that both motions are due to be denied without the necessity of requiring Plaintiff to file a response.

Defendant's argument centering on inconsistency is at odds with Eleventh Circuit precedent that provides that "[l]itigants in federal court may pursue alternative theories of recovery, regardless of their consistency." Brookhaven Landscape & Grading Co. v. J.F. Barton Contracting Co., 676 F.2d 516, 523 (11th Cir. 1982); see also Fed. R. Civ. P. 8(d)(3) (providing that "[a] party may state as many separate claims or defenses as it has, regardless of consistency."). Defendant is protected, however, from facing the prospects of a double recovery because "[a] party may not, . . . , recover separately on inconsistent theories when one theory precludes the other or is mutually exclusive of the other." Brookhaven, 676 F.2d at 523 (citing Fredonia Broadcasting Corp. v. RCA Corp., 481 F.2d 781, 801 (5th Cir. 1973) (footnote omitted). Consequently, Plaintiff, at this juncture of the proceedings, is entitled to advance inconsistent theories of recovery.[2]

---

[2] The Court also rejects Defendant's argument that Plaintiff fails to allege as to some claims essential elements necessary to plead a cause of action. On a motion to dismiss, the Court is compelled to accept the factual allegations of Plaintiff's complaint as true and construe those allegations in the light most favorable to Plaintiff. See Kamel v. Kenco/The Oaks at Boca Raton LP, 2008 WL 4601715 *1 (11th Cir. Oct. 16, 2008) (unpublished) (citing and quoting Rivell v. Private Health Care Sys., Inc. 520 F.3d 1308, 1309 (11th Cir. 2008)). Under this standard for reviewing the sufficiency of a complaint to state a claim for relief, the Court concludes that the factual allegations underpinning each count of Plaintiff's complaint are more than sufficient to raise a right to relief above the speculative level such that those allegations, taken as true, suggest the required element. See Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007).

As to Defendant's motion to strike, the Court likewise concludes that it is due to be denied at this stage of the proceedings. The Court finds it curious that Defendant by way of its counterclaim alleging fraudulent inducement and breach of contract appears to be requesting the type of damages that it contends are expressly prohibited by section 8.2 of the parties' contractual agreement. Consequently, the Court is unable to conclude at the pleading stage that Plaintiff's prayer for punitive damages should be stricken because that request is "immaterial, impertinent, or scandalous" within the meaning of Rule 12(f).

Accordingly, it is ordered and adjudged as follows:

1) Defendant's Motion to Dismiss Counts II, III, IV, and V of Plaintiff's Complaint and Motion to Strike Plaintiff's Request for Punitive Damages (Dkt. 34) is denied.

2) Defendant shall file an amended answer and defenses and counterclaim within ten (10) days of this order in which it provides answers and defenses to the allegations of counts II, III, IV, and V of Plaintiff's complaint.

3) Plaintiff shall file its response to Defendant's amended counterclaim within ten (10) days of service.

**DONE AND ORDERED** at Tampa, Florida, on November 20, 2008.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record